Taxes; employment taxes; failure to pay over withholding taxes; responsible person; willfulness. — Plaintiff seeks refund of $4,400.26 made in partial payment of a penalty assessed by the Commissioner of Internal Revenue against plaintiff as a responsible corporate officer who willfully failed to pay over Federal Contributions Act (FICA) and *538 income taxes which had been withheld by the corporation from its employees’ wages. Defendant counterclaims for $14,446.29, the balance of the penalty. Plaintiff organized and owned in equal shares with one Flam a home-improvement, building design and construction venture that experienced financial difficulties leading to a cessation of business. During the first six months of the corporation’s existence plaintiff served as vice-president and secretary while Flam was president. Thereafter, plaintiff was president and Flam secretary. Although there was no formal division of duties or responsibilities, Flam devoted himself to architecture, design and construction, while the plaintiff organized and managed the general operations. The corporation had difficulty paying its payroll taxes, failing to make monthly deposits of the required amounts in a Government depository account in a qualified bank as required by law and authorized Treasury Regulations. When the penalty was assessed the unpaid FICA and income withholding taxes were $14,764.03 and $4,076.52, respectively. Plaintiff contends that he did not have the authority to decide which creditors, including the IRS, should be paid and which should not. Plaintiff argues that his role in the corporation was largely passive, that Flam controlled the business and directed the payments to creditors. Additionally, the plaintiff argues that he was unaware of the corporation’s liability for the withholding taxes. Moreover, even if found to be a responsible person, plaintiff contends that he can only be held responsible to the extent of the corporation’s liquid assets on the date he became president. On that date there were no liquid assets. On September 20, 1979 Trial Judge Philip R. Miller filed a recommended opinion (reported in full at 79-2 USTC ¶ 9598 and 44 AFTR 2d 79-5618) finding for the defendant. The trial judge held that the plaintiff, as an owner and officer of the corporation who had the power to, and did, disburse funds, was a responsible person within the meaning of the statute (I.R.C. §§ 6671, 6672), whose duty it was to pay over to the Government trust funds withheld from the wages of the corporation’s employees. The concurrent check-writing authority of Flam did not detract from the plaintiffs responsibility. The plaintiff willfully failed to pay over the taxes in that he knowingly paid *539 creditors other than the United States while aware of the delinquency in the payment of payroll taxes. Since the plaintiff owned 50% of the business from its inception and served as vice-president and secretary, his elevation to the presidency of the corporation did not relieve him of liability for the payment of funds due before that date. Penalties cannot be avoided by a mere change in official responsibility. Additionally, the funds paid out to creditors after the plaintiff became president were not new funds contributed to the business after the tax liability arose; rather they could be traced to funds owned by the corporation before he became president. On December 21, 1979 the court, by order, adopted the recommended decision as the basis for its judgment in this case, entered judgment for the defendant on its counterclaim for $14,446.29, together with interest as provided by law, and dismissed plaintiffs petition.